139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard T. SCHWARZCHILD, Plaintiff-Appellant,
v.
Lawrence D. LUMMIS; James P. Lally; Channel International
Corp.; Bernard K. Tse; Wyse Technology, Inc.;
Phillip E. White; Robert C. Wilson; Wt
Acquisition Corp., Defendants-Appellees.
 No. 96-16740.
D.C. No. CV-90-20052-RMW
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 17, 1998.
Submitted February 11, 1998**
 
 Appeal from the United States District Court for the Northern District of California Ronald M. Whyte, District Judge, Presiding.
 Before GOODWIN, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Channel was not an "affiliate" of Wyse within the meaning of Exchange Act § 13(e). No one at Channel owned any Wyse stock before the tender, and no one was previously affiliated with Wyse in any way. The financial incentives offered by Channel did not create de facto control over Wyse: Wyse's management did not own any Channel stock or otherwise have reason not to accept a better offer from another buyer. See Woodward & Lothrop, Inc. v. Schnabel, 593 F.Supp. 1385, 1400 (D.D.C.1984).
 
 
 3
 The district court properly granted summary judgment on Schwarzchild's claim under section 14(e): Channel did disclose in its offering prospectus that financing in the Far East was a viable option, and there was no misstatement of the value of the shopping period.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4